IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

ANTHONY J. MONTAÑO and
MARGARET A. MONTAÑO,

       Plaintiffs,

v.                                                                                   No. CIV 11-1073 BB/GBW

DRIVETIME CAR SALES COMPANY, LLC;
DT CREDIT COMPANY, LLC; and
TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,

       Defendants.

MEMORANDUM OPINION
ON REMAND

THIS MATTER is before the Court on *Plaintiffs' Motion to Remand* [Doc. 13]. Having considered all briefs of the parties, the Motion must be Denied.

*Background Facts*

In August 2010, Ms. Roybal telephoned DriveTime to inquire about the possibility of purchasing a vehicle. The person with whom she spoke asked her questions about her employment and other matters. She was then told she had been approved for financing. In September, Ms. Roybal purchased a G6 automobile from DriveTime. The purchase was financed through a contract that DriveTime immediately assigned to its affiliate, DT Credit. On September 27, 2010, DT Credit

repossessed the G6 from Roybal's home. Plaintiffs maintain this was done without lawful authority.

In a letter dated April 28, 2011, Plaintiffs Anthony J. Montaño and Margaret A. Montaño made an offer of $65,000 to fully settle with DriveTime. Receiving no response, Plaintiffs sued Defendants.

### *Legal Standard*

When a state court complaint pleads indeterminate damages, the federal court must assess the claims to evaluate whether the claims support jurisdiction. *Robinson v. Quality Ins. Co.*, 633 F. Supp. 572 (S.D. Ala. 1986). Plaintiffs' complaint seeks attorney's fees under the New Mexico Unfair Practices Act ("UPA"), NMSA 1978, § 57-12-1 *et seq.* If the action is of a type which will support attorney's fees, they should also be considered. *In re Abbott Labs*, 51 F.3d 524 (5th Cir. 1995); 14A CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3702 (2d ed. 1985).

### *Issue*

The main issue here is when Defendants should first have known Plaintiffs were seeking in excess of the necessary jurisdictional amount of $75,000.

### *Discussion*

Plaintiffs' counsel maintains that the pre-filing settlement letter put DriveTime on notice that Plaintiffs were seeking in excess of the jurisdictional amount necessary for federal jurisdiction, *i.e.*, $75,000, in as much as it demanded $65,000 but made no

mention of attorney's fees. Since this letter was prior to suit, Plaintiffs maintain DriveTime was required to remove to federal court, if at all, within thirty days of being served. Plaintiffs argue Defendants cannot avoid two facts. First, that they received a pre-lawsuit demand for $65,000 that did not include attorney's fees. Second, that one of Plaintiffs' pled claims – for violation of the UPA – provides for mandatory fee-shifting for a successful plaintiff and that Plaintiffs sought attorney's fees under this provision in the complaint.

Defendants maintain they were not on notice that the case met the removal criteria of 28 U.S.C. § 1446 until they received a settlement demand of $475,000 on December 5, 2011. They removed within thirty days of that date.

Accepting both Plaintiffs' facts as correct, their argument must still fail. Plaintiffs first settlement demand for $65,000 clearly did not meet the jurisdictional limit for federal diversity jurisdiction on its face. *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999); *Rodgers v. Northwestern Mutual Life Ins. Co.*, 952 F. Supp. 325, 328-29 (W.D. Va. 1997) ("Even though a defendant may believe or have actual knowledge that the amount in controversy is sufficient to support removal to federal court, he must still wait until he has obtained written notice from the plaintiff as to the amount of damages sought."). Moreover, even assuming Defendant could be charged with devining that any complaint Plaintiffs would file would seek attorney's fees, the amount of attorney's fees must be calculated at the time of removal. *Smith v.*

3

*American General Life & Acc. Ins. Co.*, **337 F.3d 888, 898 (7th Cir. 2003). Defendant had no way of knowing if such attorney fees would exceed $10,000 at that time.**

**The Ninth Circuit affirmed an order on analogous facts finding that a pretrial demand for less than the jurisdictional amount did not trigger the thirty-day removal time in** *Carvalho v. Equifax Information Servs., LLC*, **629 F.3d 876 (9th Cir. 2010). In that case a consumer filed a putative class action in California state court alleging violations of the California Consumer Credit Reporting Agencies Act. The district court held plaintiff's demand for $25,000, sent before filing her complaint, could not trigger the thirty-day removal period under 28 U.S.C. § 1446(b). In affirming, the Ninth Circuit Court of Appeals set out two bars which apply equally to the present Plaintiffs' theory:**

> Carvalho argues that the settlement demand she made in February 2006 put Equifax on notice of the amount in controversy. We have held that a demand letter sent during the course of the state court action can constitute "other paper" within the meaning of section 1446(b) if it reflects a reasonable estimate of the plaintiff's claim. *See Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007). Here, however, the demand letter was sent to Equifax several months before Carvalho even filed her complaint.
>
> It is axiomatic that a case cannot be removed before its inception. If the second paragraph of section 1446(b) were meant to include as "other paper" a document received by the defendant months before receipt of the initial pleading, the requirement that the notice of removal "be filed within thirty days after receipt by the defendant" of the "other paper" would be nonsensical. Moreover, that the second paragraph lists "an amended pleading, motion, order" – all documents which logically cannot predate the initial pleading – before "or other paper" leads us to conclude that "other paper" does not include any document received prior to receipt of the initial pleading. *See United States v. Williams*, 553 U.S.

4

> 285, 294 (2008) (noting that "the commonsense canon of *noscitur a sociis* ... counsels that a word is given more precise content by the neighboring words with which it is associated"). Accordingly, we conclude that any document received prior to receipt of the initial pleading cannot trigger the second thirty-day removal period.
>
> We also reject Carvalho's suggestion that a pre-complaint document containing a jurisdictional clue can operate in tandem with an indeterminate initial pleading to trigger some kind of hybrid of the first and second removal periods. In *Harris*, we held that the first thirty-day removal period comes into play only if removability is ascertainable from "examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." 425 F.3d at 694. We adopted this "bright-line approach" to "avoid[ ] the spectre of inevitable collateral litigation over ... whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry." *Id*. at 697.

*Carvalho*, 629 F.3d at 876.

Similarly, in the present situation, Plaintiffs' offer to settle for $65,000 before filing their complaint did not trigger the thirty-day removal period of 28 U.S.C. § 1446(b). Plaintiffs' motion to remand must be denied.

_____
BRUCE D. BLACK
Chief Judge